IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH F. WALTERS, JR., )
      Plaintiff, )
)
vs ) Civil Action No. 08-1458
)
NAKATA ENGINEERING CO., LTD, )
DABSCO EQUIPMENT t/d/b/a D.A. BUIE )
EQUIPMENT SALES CO., and D.A. )
BUIE, )
individually, )
      Defendants. )

## MEMORANDUM ORDER

On October 15, 2008, plaintiff Joseph F. Walters Jr. ("plaintiff") filed this case arising out of injuries he suffered while operating a Kobe Uni-Drive Two Horizontal Mixing Mill. It was subsequently assigned to the undersigned and referred to United States Magistrate Judge Robert C. Mitchell for pretrial proceedings in accordance with the Magistrates Judges Act, 28 U.S.C. §§ 636(b)(1)(A) and (B), and Rules 72.1.3 and 72.1.4 of the Local Rules.

On May 13, 2009, the magistrate judge filed a Report and Recommendation (Docket No. 28), recommending that the motion to dismiss filed by defendant Nakata Engineering Co. ("Nakata" or "defendant") (Docket No. 8) be granted. On May 29, 2009, plaintiff filed objections to the Report and Recommendation, which essentially reargue issues addressed and appropriately resolved in the Report and Recommendation (Docket No. 29). Defendant responded to plaintiff's objections on June 4, 2009 (Docket No. 30).

As noted in defendant's response, the day after the Report and Recommendation was filed, the Court of Appeals for the Third Circuit issued a precedential opinion – D'Jamoos ex rel. Weingeroff v. Pilatus Aircraft, Ltd., 566 F.33d 94 (3d Cir. 2009) – that clarifies the law on an

issue raised in this case and supports the recommendation that plaintiff cannot establish personal jurisdiction over Nakata under a stream of commerce theory.[1]

In D'Jamoos, the personal representatives of individuals killed in a plane crash in Pennsylvania sued Pilatus Aircraft Ltd. ("Pilatus"), the Swiss manufacturer of the plane. Pilatus had a distribution network by which its planes were sold to its U.S. subsidiary ("PiBAL"), which distributed the planes to independent dealers, including one (Sky Tech) that shipped them to Pennsylvania customers. The particular plane in issue, however, came into the United States or Pennsylvania via a French buyer who resold it to a Swiss company (not Pilatus) who resold it to a Massachusetts company that brought it to the United States and sold it to a Rhode Island company that owned the plane at the time of the accident.

The plaintiffs in D'Jamoos argued that personal jurisdiction could be asserted over Pilatus based upon the stream of commerce theory. The court of appeals held that "it is absolutely fatal to [the plaintiffs'] stream-of-commerce argument that the subject aircraft did not actually enter Pennsylvania through a 'stream of commerce' as that term is generally understood–i.e., 'the regular and anticipated flow of products from manufacture to distribution to retail sale.'" Id. at *8 (citing Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 117 (1987) (Brennan, J., concurring)).

In response to the plaintiffs' argument that Pilatus had a distribution network through PiBAL and Sky Tech that placed its products in Pennsylvania, the court stated that:

> By arguing that a stream-of-commerce analysis could support jurisdiction

---

[1]The magistrate judge cited the district court opinion in D'Jamoos, Civil Action No. 07-1153, 2008 WL 1902193 (E.D. Pa. Apr. 30, 2008), but did not have the benefit of the court of appeals' decision.

> even when the product at issue did not go through the "stream," [plaintiffs] essentially ask us to find that the stream-of-commerce theory provides an independent source of personal jurisdiction over Pilatus, a source unrelated to [their] claims. However, the fact that other Pilatus planes have followed a certain path to Pennsylvania and other states cannot provide the necessary connection between Pilatus and Pennsylvania to support specific jurisdiction in this case, because the aircraft involved here reached Pennsylvania by a series of fortuitous circumstances independent of any distribution channel Pilatus employed. If we held otherwise, we impermissibly would remove the "arising from or related to" requirement from the specific jurisdiction test and unjustifiably would treat the stream-of-commerce theory as a source of general jurisdiction. See Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 788 (7th Cir. 2003) (holding that stream-of-commerce theory "is relevant only to the exercise of specific jurisdiction; it provides no basis for exercising general jurisdiction over a nonresident defendant"); Bearry v. Beech Aircraft Co., 818 F.2d 370, 375 (5th Cir.1987) ("A conclusion that there is a stream of commerce ensures that the contact that caused harm in the forum occurred there through the defendant's conduct and not the plaintiff's unilateral activities; it does not ensure that defendant's relationship with the forum is continuous and systematic, such that it can be sued there for unrelated claims.").

Id. at 106.

Similarly, the mixing mill that caused plaintiff's injuries in this case arrived in Pennsylvania through a series of fortuitous circumstances independent of any sales Nakata made to Pennsylvania customers or any distribution chain that Nakata might have employed: it was sold by Nakata's predecessor to a Kentucky company in 1972, which resold it to a Tennessee company in 1982 and then finally that company sold the mill to plaintiff's employer, a Pennsylvania company, in 1983. (Sakurai Aff. ¶¶ 11-17.)[2] Nakata asserts that it had no connection to either of these subsequent sales and plaintiff has not argued otherwise. Rather, he points to sales of parts that Nakata made to a Pennsylvania company for a kneader in 2004, 2006 and 2008. Pursuant to the court of appeals' holding in D'Jamoos, however, these contacts cannot

---

[2] Nakata Mot. Dismiss (Docket No. 8) Ex. A.

3

be used for purposes of a stream of commerce theory because they are unconnected to the means by which the subject mixing mill entered Pennsylvania. Referring to sales unrelated to the ones by which the mixing mill at issue in this case came into Pennsylvania would unjustifiably turn the stream of commerce theory into an independent source of general jurisdiction. Plaintiff in his objections requests that if the court finds it has no personal jurisdiction over defendant that the case be transferred to a court which has jurisdiction. As defendant correctly points out, this matter was not properly raised in a motion or briefed and plaintiff did not identify an appropriate court to which this case could be transferred. Under these circumstances, the court declines to address that request.

AND NOW, this 25th day of June, 2009,

IT IS ORDERED that the motion to dismiss for lack of personal jurisdiction filed by defendant Nakata Engineering Co. (Docket No. 8) is granted.

_____Magistrate Judge Mitchell's Report and Recommendation dated May 13, 2009 (Docket No. 28) is adopted as the opinion of the court, as supplemented by the instant Memorandum Order. The clerk shall mark this case as closed.

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge